## VANDERSLICE v. SPEAR.

### January 9, 1841.

*Rule to show cause of action, and why defendant should not be discharged on common bail.*

1. An affidavit to hold to bail in slander, averring that "the defendant did make use of the *following false and slanderous words*," and then proceeding "that defendant saw said plaintiff going about stealing," &c. is defective, and defendant will not be held to bail.

2. If the plaintiff in his affidavit undertake to set forth the identical words, it is insufficient if he merely narrate his understanding of their import and meaning.

3. But if the affidavit does not set forth the identical words, it is sufficient if the plaintiff aver with distinctness the substance of the charge made against the plaintiff.

THIS was an action of slander brought by *capias ad respondendum,* to December term, 1840, No. 506. The defendant obtained this rule to show cause of action, and why he should not be discharged on common bail. On the hearing of the rule,

*Jack* read the plaintiff's affidavit, which averred that "the defendant did make use of *the following false and scandalous words.*" The affidavit then proceeded not to set out *the words,*

[Vanderslice v. Spear.]

but narrated in substance the alleged slander of the plaintiff, thus: "that he (the defendant) saw said Vanderslice going about stealing," &c.

*Kay* and *I. Thompson*, contra.

PER CURIAM.—An affidavit to hold to bail in slander must either set forth the identical words spoken, or it must aver with sufficient distinctness the substance of the charge made against the plaintiff. The object is to obtain certainty, to avoid evasion and duplicity, a rule common to all affidavits of this nature. This object cannot be attained by means of the present affidavit. It first undertakes to designate *the words*, and then falls off into a narration of what the plaintiff infers to have been their *meaning*.

Rule absolute.